**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

January 9, 2025

Samuel L. Closic, Esquire
Prickett, Jones & Elliott, P.A.
1310 North King Street
Wilmington, DE 19801

Michael A. Pittenger, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street, 6th Floor
Wilmington, DE 19801

RE: ***Craig W. Thomas v. American Midstream GP, LLC,***
Civil Action No. 2019-0641-MTZ

Dear Counsel:

As you know, this aging action features a claim by a minority unitholder in a master limited partnership that the general partner breached its duty of good faith in approving a conflicted merger. The general partner sought a summary judgment on grounds that the limited partnership agreement offered a safe harbor from liability by offering a conclusive presumption of good faith to the general partner or a conflicts committee. As the parties bifurcated this case, that request for summary judgment presented a potential offramp for the general partner before the parties would march into onerous entire fairness discovery and trial.

In a December 17 memorandum opinion (the "Opinion"), I denied the general partner's motion for summary judgment based on my interpretation of the limited partnership agreement, informed by Delaware Supreme Court and Court of Chancery precedent, including the law of the case set when this Court denied the general partner's motion to dismiss.[1] The Opinion followed *Morris v. Spectra Energy Partners (DE) GP, LP*[2] and *Dieckman v. Regency GP LP*[3] to conclude that the general advisor reliance safe harbor was not available in a conflicted transaction, because the limited partnership agreement offered a conflicts

---

[1] *Thomas v. Am. Midstream GP, LLC*, 2024 WL 5135828 (Del. Ch. Dec. 17, 2024).

[2] 2017 WL 2774559 (Del. Ch. June 27, 2017).

[3] 2021 WL 537325 (Del. Ch. Feb. 15, 2021), *aff'd*, 264 A.3d 641 (Del. 2021).

committee's special approval as a specific safe harbor in that context.[4]   It also concluded the conflicts committee's reliance on an advisor could not secure that general safe harbor for itself or the general partner,[5] based on the plain language of the limited partnership agreement and facts distinct from those in *Boardwalk Pipeline Partners, LP v. Bandera Master Fund LP*[6] and *Norton v. K-Sea Transportation Partners L.P.*[7]

The general partner seeks an interlocutory appeal,[8] asserting the Opinion's application of *Spectra*[9] and *Dieckman*[10] is in tension with Delaware Supreme Court precedent in *Bandera*,[11] *Norton*,[12] and *Gerber v. Enterprise Products Holdings, LLC*.[13]   The general partner also sees broader tension between that Court of Chancery precedent, which the general partner contends "enhances protections for the limited partners," and Delaware Supreme Court precedent, which has referenced "the overall scheme of [the] sponsor-friendly MLP framework."[14]   The plaintiff, a former minority partnership unitholder, opposes interlocutory appeal.[15] I recommend against an interlocutory appeal.

Interlocutory appeals are "exceptional, not routine," and "generally not favored."[16]   "Applications for interlocutory review are addressed to the sound

---

[4] *Thomas*, 2024 WL 5135828, at *5–6.

[5] *Id.* at *6–8.

[6] 288 A.3d 1083 (Del. 2022).

[7] 67 A.3d 354 (Del. 2013).

[8] Docket item ("D.I.") 175.

[9] 2017 WL 2774559.

[10] 2021 WL 537325.

[11] 288 A.3d 1083.

[12] 67 A.3d 354.

[13] 67 A.3d 400 (Del. 2013).

[14] D.I. 175 ¶ 32 (quoting *Bandera*, 288 A.3d at 1116, and citing *id.* at 1110).

[15] D.I. 178.

[16] Supr. Ct. R. 42(b)(ii); Supr. Ct. R. 42 cmt.

discretion of this Court and are accepted only in extraordinary circumstances,"[17] as "they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[18]

"So a [Supreme Court] Rule 42 application cannot be certified unless it clears two 'rigorous' hurdles"[19]: (1) the order must have "decide[d] a substantial issue of material importance that merits appellate review before a final judgment";[20] and (2) there must be "substantial benefits" to granting the application that "will outweigh the certain costs that accompany an interlocutory appeal."[21] Delaware law is clear that issues of contract interpretation are not substantial issues of material importance: "[a]s a general matter, issues of contract interpretation are not worthy of interlocutory appeal."[22] For a substantial issue of material importance, the Court considers whether:

---

[17] *Robino-Bay Ct. Plaza, LLC v. W. Willow-Bay Ct., LLC*, 2007 WL 4463593, at *1 (Del. 2007) (TABLE). Though this decision referred to the Supreme Court in its use of "this Court," trial courts exercise that same discretion in recommending whether interlocutory appeals should be certified.

[18] Supr. Ct. R. 42(b)(ii).

[19] *Elutions Cap. Ventures S.A.R.L. v. Betts*, 2022 WL 17075692, at *3 (Del. Ch. Nov. 18, 2022) (quoting *TowerHill Wealth Mgmt., LLC v. Bander Fam. P'ship, L.P.*, 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008), *appeal refused*, 2008 WL 4809456 (Del. 2008) (TABLE)), *appeal refused*, 2023 WL 164300 (Del. Jan. 12, 2023) (TABLE).

[20] Supr. Ct. R. 42(b)(i).

[21] Supr. Ct. R. 42(b)(ii).

[22] *REJV5 AWH Orlando, LLC v. AWH Orlando Member, LLC*, 2018 WL 1109650, at *3 (Del. Ch. Feb. 28, 2018), *appeal refused*, 182 A.3d 115 (Del. 2018); *accord Northrop Grumman Innovation Sys., Inc. v. Zurich Am. Ins. Co.*, 2021 WL 772312, at *3 (Del. Super. Mar. 1, 2021) ("Contract interpretation, no matter the stakes, generally is not the kind of undertaking worthy of midstream intervention by our high court.") (collecting cases), *appeal refused sub nom. Nat'l Union Fire Ins. Co. of Pittsburgh v. Northrop Grumman Innovation Sys., Inc.*, 2021 WL 1043988 (Del. 2021) (TABLE) ("[T]he Superior Court observed that a decision involving contract interpretation is not generally the type of undertaking worthy of interlocutory review.").

(A) The interlocutory order involves a question of law resolved for the first time in this State; (B) The decisions of the trial courts are conflicting upon the question of law; (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order; (D) The interlocutory order has sustained the controverted jurisdiction of the trial court; (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice; (F) The interlocutory order has vacated or opened a judgment of the trial court; (G) Review of the interlocutory order may terminate the litigation; or (H) Review of the interlocutory order may serve considerations of justice.[23]

Once the Court considers these factors and conducts its "own assessment of the most efficient and just schedule to resolve the case," the Court must then consider whether the likely benefits of interlocutory review outweigh the likely costs.[24] "If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."[25]

The Opinion did not decide a substantial issue of material importance. It interpreted a contract.[26] The general partner does not take on Delaware law on that point, arguing only that a ruling in its favor could end this litigation.[27] That argument goes to Supreme Court Rule 42(b)(iii)(G), not the gating question of the issue's material importance. That the question is one of contract interpretation,

---

[23] Supr. Ct. R. 42(b)(iii).

[24] *Id.*

[25] *Id.*

[26] *REJV5 AWH Orlando*, 2018 WL 1109650, at *3; *Northrop Grumman*, 2021 WL 772312, at *3.

[27] D.I. 175 ¶¶ 17–21.

and therefore not of material importance under Rule 42, is enough to recommend against an interlocutory appeal.

For completeness, I also consider the factors set forth in Supreme Court Rule 42(b)(iii). The general partner asserts Rules 42(b)(iii)(A), (G), and (H) favor its application. The general partner contends the Opinion's application of Court of Chancery precedent in interpreting the limited partnership agreement creates or highlights tension with Supreme Court precedent, on which Supreme Court guidance would be helpful.[28] For my part, I see no such tension. At a general level, the master limited partnership scheme is "sponsor-friendly," to be sure;[29] but its safe harbors act as minority protections within that scheme.[30] Applying a master limited partnership agreement is an exercise in contract interpretation and plain meaning.[31] I did my best in the Opinion to explain why *Norton*[32] and *Bandera*[33] do not compel judgment as a matter of law for the general partner, while applying *Spectra*[34] and *Dieckman*[35] in a manner that I do not believe is

---

[28] *Id.* ¶¶ 1, 24–26.

[29] *Bandera*, 288 A.3d at 1116; *id.* at 1110.

[30] *Dieckman v. Regency GP LP*, 155 A.3d 358, 360, 368 (Del. 2017); *City of Pittsburgh Comprehensive Mun. Pension Tr. Fund v. Conway*, 2024 WL 1752419, at *21 (Del. Ch. Apr. 24, 2024).

[31] *Norton*, 67 A.3d at 360–62 ("Limited partnership agreements are a type of contract. We, therefore, construe them in accordance with their terms . . . .").

[32] 67 A.3d 354.

[33] 288 A.3d 1083.

[34] 2017 WL 2774559.

[35] 2021 WL 537325. *Dieckman* specifically noted the absence of Supreme Court precedent on the interplay between provisions like those at issue here:

> To my reading, however, neither of [*Norton* or *Gerber*] squarely addressed the issue raised in *Spectra* and present here, i.e., "whether a general conclusive presumption of good faith arising from reliance on advisors trumped the specific conflict provision's rebuttable presumption of good faith." *Spectra*, 2017 WL 2774559, at *12. Indeed, as the *Spectra* court pointed out, the Supreme Court in *Encore*—which was decided less than

inconsistent. While guidance from the high court is always helpful, I do not believe the Rule 42(b)(iii) factors support obtaining it through an extraordinary interlocutory appeal in this case.

**Rule 42(b)(iii)(A)**. The Opinion does not involve a question of law resolved for the first time in this State.[36] It applies Delaware precedent to the facts of this case and to the limited partnership agreement. That the Supreme Court has not yet considered the Court of Chancery precedent applied in the Opinion does not mean the Opinion resolved a question of law for the first time. I do not believe this factor supports an interlocutory appeal.

**Rule 42(b)(iii)(B)**. The decisions of the trial courts are not conflicting upon the question of law in the Opinion, particularly the question the general partner seeks to appeal.[37] The general partner cites this subsection, and implies the Opinion stretched trial court precedent too far in interpreting the limited partnership agreement, but does not actually argue the Opinion conflicts with that precedent.[38] I do not believe this factor supports an interlocutory appeal.

---

two months after *Norton* and *Gerber*—seemed to recognize that this issue remained open when it declined to reach the issue instead of relying on *Norton* and/or *Gerber* as binding authority on the question. *See* [*Allen v.*] *Encore* [*Energy P'rs, L.P.*], 72 A.3d [93,] 103–04, 109 [(Del. 2013)] (declining to decide whether "Section 7.10(b)'s generally applicable conclusive presumption of good faith does not apply to conflict-of-interest transactions, which the specific safe harbor provision in Section 7.9(a) governs" because plaintiff "failed to plead facts that, if true, would establish that the Conflicts Committee members breached their contractual duty to act in subjective good faith when approving the Merger").

2021 WL 537325 at *25; *see also Spectra*, 2017 WL 2774559, at *12 ("*Allen*, to my mind, indicates that our Supreme Court does not intend that *Norton* be construed as a totemic statement that general provisions of irrebuttable good faith, in all instances, overcome specific clauses to the contrary.").

[36] Supr. Ct. R. 42(b)(iii)(A).

[37] Supr. Ct. R. 42(b)(iii)(B).

[38] D.I. 175 ¶¶ 22–25, 24 n.16 25 n.19.

**Rule 42(b)(iii)(C-F)**.   The general partner makes no argument that these factors support interlocutory appeal.  I do not believe they do.

**Rule 42(b)(iii)(G)**.   If the Supreme Court accepts interlocutory appeal, then reverses the denial of summary judgment, it would terminate this litigation.[39]  This element weighs in favor of certifying the interlocutory appeal.

**Rule 42(b)(iii)(H)**.   Considerations of justice will not be served by an interlocutory appeal.[40]  The general partner seeks a release of the tension it sees between trial court precedent and high court precedent before this matter marches into discovery and trial on entire fairness.  I granted the general partner leave to move for summary judgment, an unusual procedure in Chancery practice, recognizing the efficiency of a potential offramp.  But given the foregoing analysis of the materiality of the issue and its context in Delaware law, I do not believe broader considerations of justice require committing additional resources to that offramp for the general partner.

In the end, only the possibility of ending this protracted litigation supports an interlocutory appeal.  That is not enough, particularly where the issue is not one of material importance.[41]  The Rule 42(b)(iii) factors weigh against certifying an interlocutory appeal.

For the foregoing reasons, I recommend against interlocutory appeal.

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

cc:  All Counsel of Record, via *File & ServeXpress*

---

[39] Supr. Ct. R. 42(b)(iii)(G).

[40] Supr. Ct. R. 42(b)(iii)(H).

[41] *In re Straight Path Commc'ns Inc. Consol. S'holder Litig.*, 2018 WL 3599809, at *1 (Del. Ch. July 26, 2018).